FILED
2014 Apr-11 AM 10:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **CHAD E. HAMMOND,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | |
| | **)** | **Civil Action No. 3:14-CV-059-CLS** |
| **JANICE KEETON,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Chad Hammond, who is proceeding *pro se*, asserts a claim against

defendant, Janice Keeton, for violation of the Fair Debt Collection Practices Act ("the

Act"), 15 U.S.C. § 1692 *et seq*.[1]  The case currently is before the court on defendant's

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  Upon

consideration of the motion, briefs, and accompanying materials, the court concludes

that more information is necessary before the motion can be decided.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), which permits a party to move to

dismiss a complaint for, among other reasons, "failure to state a claim upon which

---

[1] Doc. no. 1 (Complaint).

[2] Doc. no. 9.  The motion was styled as a motion to dismiss or, in the alternative, for summary judgment.  This court entered an order on March 3, 2014, finding that it was not necessary to convert the motion to one for summary judgment, even though it was accompanied by evidentiary material.  Accordingly, the motion will be considered as a motion to dismiss.  Doc. no. 10.

relief can be granted," must be read in conjunction with Rule 8(a), which requires that

a pleading contain only a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard

does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544

U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citations omitted).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

2

statements, do not suffice.  *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id*., at 556.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d, at 157-158.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions can provide the framework of a complaint, they must be supported by factual allegations*.  *When there are well-pleaded factual allegations*, *a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief*.

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied).

## II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

### A.  Alleged Debt Collection Activities

Defendant, Janice Keeton, is an attorney practicing in Lauderdale County, Alabama.[3]  On behalf of her client, RCHP-Florence, LLC d/b/a ECM Hospital, Ms.

---

[3] Complaint ¶ 4.

Keeton filed a debt collection lawsuit against plaintiff, Chad E. Hammond, a resident of Lawrence County, Tennessee, in Small Claims Court in Lauderdale County, Alabama.   The debt collection action was assigned Case No. 2013-900378.00.[4] Hammond asserts that he is a "consumer," and Keeton is a "debt collector," as those terms are defined by the Act.[5]   Hammond also appeared *pro se* in the debt collection lawsuit.

In this case, Hammond challenges several of Keeton's activities in connection with her representation of RCHP/Florence in the underling debt collection action. Hammond asserts that Keeton did not provide him with an "initial communication" in connection with collection of the alleged debt, as required by the Act.[6]   He also asserts that Keeton did not send him a written debt collection notice containing the language required by the Act.[7]   Hammond sent Keeton a written Notice of Dispute of Alleged

---

[4] *Id.* ¶¶ 2, 8-9.

[5] *Id.* ¶¶ 3, 5.   The Act defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt."   16 U.S.C. § 1692a(3).   A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."   16 U.S.C. § 1692a(6).

[6] Complaint ¶ 10.

[7] Complaint ¶ 12.   In support of this allegation, Hammond cites 16 U.S.C. § 1692g, which provides, in pertinent part:

> Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has

4

Debt after he received his summons in the debt collection lawsuit,[8] but Keeton never responded to that notice, as allegedly required by the Act.[9]  Keeton also did not provide Hammond with the name and address of the original creditor, even though he requested that information in writing.[10]  Keeton neither verified the validity of the alleged debt, nor ceased collection activity after receiving Hammond's Notice of Dispute of Alleged Debt.[11]  Instead, she proceeded with the debt collection action in Small Claims Court.[12]

---

paid the debt, send the consumer a written notice containing —

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

[8] Complaint ¶ 13.  *See also id.* at Exhibit A (Notice of Dispute of Alleged Debt).

[9] Complaint ¶ 14. *See* 15 U.S.C. § 1692g(a)(4).

[10] Complaint ¶ 15.  *See* 15 U.S.C. § 1692g(a)(5).

[11] Complaint ¶¶ 16-17.  *See* 15 U.S.C. § 1692g(a)(4); 15 U.S.C. § 1692g(b) ("If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed

5

Hammond asserts that Keeton's actions "breached the law and her lawful duty to [Hammond] by violating his federally protected consumer rights through noncompliance with [the Act's] debt collection practices."[13]  That breach of the law "proximately caused [Hammond] to suffer money loss, mental and emotional distress, embarrassment and humiliation."[14]

### B.    Other Facts Related to the Underlying Debt Collection Lawsuit

Hammond also alleges that Keeton "obtained a default judgment against [him] in small claims court without verifying the alleged debt,"[15] and that Keeton "was granted an additional $500.00 attorney fee upon her request to the trial court because [Hammond] raised the federal issue of FDCPA requirements for debt collector [Keeton.]"[16]  The documents submitted by Keeton in support of her motion to dismiss clarify those allegations.   A September 4, 2013 order of the Circuit Court of Lauderdale County in the underlying debt collection lawsuit states:

> THIS CAUSE came before the Court for trial.  District Judge Carole Medley having recused herself this cause was assigned to the

---

portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.").

[12] Complaint ¶ 18.

[13] *Id.* ¶ 26 (alterations supplied).

[14] *Id.* ¶ 27 (alteration supplied).  *See also id.* ¶¶ 21-22.

[15] *Id.* ¶ 19 (alteration supplied).

[16] *Id.* ¶ 20 (alterations supplied).

undersigned Circuit Judge sitting specially as District Judge for Lauderdale County.

On May 23, 2013 plaintiff filed a small claim action against defendant claiming defendant owed plaintiff one thousand thirty-eight dollars and ninety-five cents ($1,038.95) for services and/or goods rendered.  On June 11, 2013 defendant, acting pro se, filed an answer denying responsibility and filed a "Motion to Dismiss for Lack of Jurisdiction" and "Motion to Strike Sham Complaint" and a "Cross-Claim Complaint" making bizarre allegations against the attorney for the plaintiff.

On July 17, 2013 this court denied defendant's Motion to Strike, denied defendant's Motion to Dismiss and granted plaintiff's Motion to Dismiss Cross-Complaint.

Thereafter the defendant filed a plethora of motions challenging the court's jurisdiction and procedures in a transparent attempt to defeat this simple collection process.  This court denied those spurious attempts and proceeded to trial.  Plaintiff called defendant as [its] first witness.  Mr. Hammond refused to testify and when the court insisted unless he asserted some constitutional privilege the defendant offered to allow the court to enter a default judgment against him.  This offer was accepted by the plaintiff and the court.

Ms. Keeton, attorney for plaintiff, requested a judgment for attorney fees in the amount of five hundred dollars ($500.00) in light of the defendant's antics.  That motion was granted.

Default judgment, by consent of the defendant, is therefore rendered in favor of the plaintiff and against the defendant in the amount of $1,538.95 for which execution may issue.[17]

---

[17] Doc. no. 9, Exhibit A (September 4, 2013 Order of the Circuit Court of Lauderdale County, Alabama in *RCHP-Florence, LLC d/b/a ECM Hospital v. Chad Hammond*, Case No. SM-13-900378), at 1-2 (alteration supplied).

Keeton also submitted a copy of the cross-claim Hammond filed against her on June 11, 2013 in the underlying collection case.[18]  In that cross-claim, Hammond asserted that Keeton was a debt collector under the Act,[19] that Keeton tried to collect an alleged debt from him by filing a complaint in the Small Claims Court for Lauderdale County,[20] and that Keeton did not provide him with any notice or opportunity to dispute the alleged debt before filing that complaint.[21]  Hammond also asserted that he sent Keeton a Notice of Dispute of Alleged Debt after receiving his summons in the underlying debt collection action, but that Keeton refused to withdraw the complaint against him in Small Claims Court, or to verify the alleged debt per the Notice of Dispute of Alleged Debt.[22]  Accordingly, Hammond asserted that Keeton "willfully violated all the federally mandated debt collection procedures set forth" in the Act.[23]

Based on those allegations, Hammond asserted two cross claims against Keeton. In the first cross-claim, Hammond asserted that Keeton had a duty to follow all

---

[18] Doc. no. 9, at Exhibit B ("Cross-Claim/Complaint" filed on June 11, 2013, in *RCHP-Florence, LLC d/b/a ECM Hospital v. Chad Hammond*, Case No. SM-13-900378 in the "Small Claims Court of Lauderdale County, Alabama").

[19] *Id.* ¶ 2.

[20] *Id.* ¶ 5.

[21] *Id.* ¶ 6.

[22] *Id.* ¶¶ 8, 11.

[23] *Id.* ¶ 7 (emphasis in original).

applicable debt collection procedures set forth in the Act, but that she breached that duty by "skipping all mandated FDCPA collection procedures in regards to [Hammond's] alleged debt collection."[24] Specifically, Keeton sued Hammond without giving him any prior notice or an opportunity to dispute the alleged debt, and she ignored Hammond's Notice of Dispute of Alleged Debt.[25] As a result of those actions, Hammond asserted that he "suffered loss of time from business and family, money damages and emotional stress,"[26] and he requested relief in the amount of $5,000.00, "together with such other and further relief as the Court may deem reasonable and just under the circumstances."[27] The second cross-claim is virtually identical to the first.[28]

## III. DISCUSSION

In her motion to dismiss, Keeton asserted three conclusory arguments to support the dismissal of Hammond's claims against her: *i.e.,* (1) that she is not a "debt collector" as defined by the Act;[29] (2) that Hammond "asked for a default judgment[,] thereby negating any claim he may have in this regard";[30] and (3) that Hammond's

---

[24] Cross-Claim/Complaint in Case No. Sm-13-900378, at ¶¶ 13-15 (alteration supplied).
[25] *Id.* ¶¶ 16-17.
[26] *Id.* ¶ 18.
[27] *Id.* ("WHEREFORE" clause).
[28] *Id.* ¶¶ 19-25.
[29] Doc. no. 9 ¶ 2.
[30] *Id.* ¶ 3 (alteration supplied).

claims are barred by *res judicata*.[31]   After being ordered to file a brief more fully

developing her arguments and supporting them with legal authority,[32] Keeton filed a

three-page brief, though separate counsel, asserting only the *res judicata* argument.[33]

Accordingly, Keeton's other arguments will be deemed abandoned, and the court will

focus solely on *res judicata*.

When a federal court is "'asked to give *res judicata* effect to a state court

judgment, [it] must apply the *res judicata* principles of the law of the state whose

decision is set up as a bar to further litigation.'" *Kizzire v. Baptist Health System, Inc.,*

441 F.3d 1306, 1308 (11th Cir. 2006) (alteration supplied) (quoting *Amey, Inc. v. Gulf*

*Abstract & Title, Inc.,* 758 F.2d 1486, 1509 (11th Cir. 1985)).

> Under Alabama law, "the essential elements of *res judicata* are (1) a prior
> judgment on the merits, (2) rendered by a court of competent jurisdiction,
> (3) with substantial identity of the parties, and (4) with the same cause of
> action presented in both actions." *Equity Res. Mgmt., Inc. v. Vinson,* 723
> So. 2d 634, 636 (Ala. 1998).  If all four elements are met, any claim that
> was, or could have been, adjudicated in the prior action is barred from
> future litigation. *Id.*

 *Kizzire,* 441 F.3d at 1308-09.  *See also Chapman Nursing Home, Inc. v. McDonald,*

985 So. 2d 914, 919 (Ala. 2007) (same).

---

[31] *Id.* ¶ 4.

[32] *See* doc. no. 10, at 3 n.7 ("Defendant's motion [to dismiss] contains one page of conclusory, underdeveloped assertions.  Those assertions must be more fully developed and supported by legal authority.") (alteration supplied).

[33] Doc. no. 13.  The brief actually contains only two pages of legal argument. The other page is taken up by the heading, signature block, and certificate of service.

Keeton's briefing on the *res judicata* issue is confused.[34]  Keeton asserts that

Hammond's claims against her *in this case* are barred by the judgment entered by the

state court on the cross-claim Hammond asserted against her in the underlying

collection action.  While that may ultimately be a successful legal argument, Keeton

has not provided a proper foundation to support it.  Keeton states that the cross-claim

Hammond filed in state court was dismissed on September 4, 2013, after Hammond

refused to testify at trial and had a default judgment entered against him.  That is not

correct.  As is apparent from the state court documents submitted *by Keeton* in support

of her motion to dismiss, *the underlying collection action* asserted by Keeton's client,

RCHP-Florence, LLC, against Hammond, was dismissed on September 4, 2013, when

default judgment was entered against Hammond.[35]  But that particular "judgment on

the merits" is not the one that is relevant to the *res judicata* issue raised here.  Instead,

Hammond's state court *cross-claim* is the relevant pleading because it contained Fair

Debt Collection Practices Act allegations that are similar to the ones asserted in this

case.  By the time judgment was entered in the underlying state court collection action

on September 4, 2013, the *cross-claim* had already been dismissed on July 17, 2013.[36]

---

[34] That confusion is both surprising and frustrating, considering that Keeton is herself an attorney, and she is also represented by a different attorney with regard to the claims asserted against her in this case.

[35] *See* doc. no. 9, at Exhibit A.

[36] *Id.* at 1.

11

There is no copy of the July 17, 2013 order dismissing the cross-claim in this court's record.  Thus, there is no way to determine whether it was a judgment on the merits, or whether the state court had jurisdiction to enter the judgment.

## IV. CONCLUSION AND ORDER

Defendant Janice Keeton is ORDERED to file a copy of the state court's July 17, 2013 order dismissing Hammond's cross-claim, together with copies of any motion to dismiss the cross-claim, and any briefs that were filed in support, or in opposition to, such a motion, on or before April 15, 2014.  If Keeton fails to fully comply with this order, or to provide the court with all information necessary in order to rule on her motion to dismiss, the motion will be denied.

DONE and ORDERED this 11th day of April, 2014.

_____
United States District Judge

12