# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| **CHAD E. HAMMOND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )   **Civil Action No. 3:14-CV-059-CLS** |
| **JANICE KEETON,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Chad Hammond, who is proceeding *pro se*, asserts a claim against defendant, Janice Keeton, for violation of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 *et seq.*[1]  The case currently is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  Upon consideration of the motion, briefs, and accompanying materials (including the supplemental submission filed by Keeton on April 15, 2014),[3] the court concludes the motion should be granted.

## I. STANDARD OF REVIEW

---

[1] Doc. no. 1 (Complaint).

[2] Doc. no. 9.  The motion was styled as a motion to dismiss or, in the alternative, for summary judgment.  This court entered an order on March 3, 2014, finding that it was not necessary to convert the motion to one for summary judgment, even though it was accompanied by evidentiary material.  Accordingly, the motion will be considered as a motion to dismiss.  Doc. no. 10.

[3] Doc. no. 17.

Federal Rule of Civil Procedure 12(b)(6), which permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted," must be read in conjunction with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed  factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555].  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions can provide the framework of a complaint, they must be supported by factual allegations*. *When there are well-pleaded factual allegations*, *a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief*.

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied).

## II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

### A.   Alleged Debt Collection Activities

Defendant, Janice Keeton, is an attorney practicing in Lauderdale County,

Alabama.[4]  On behalf of her client, RCHP-Florence, LLC d/b/a ECM Hospital, Ms.

Keeton filed a debt collection lawsuit against plaintiff, Chad E. Hammond, a resident

of Lawrence County, Tennessee, in Small Claims Court in Lauderdale County,

Alabama.   The debt collection action was assigned Case No. 2013-900378.00.[5]

Hammond asserts that he is a "consumer," and Keeton is a "debt collector," as those

terms are defined by the Act.[6]  Hammond also appeared *pro se* in the debt collection

lawsuit.

In this case, Hammond challenges several of Keeton's activities in connection

with her representation of RCHP/Florence in the underlying debt collection action.

Hammond asserts that Keeton did not provide him with an "initial communication" in

connection with collection of the alleged debt, as required by the Act.[7]  He also asserts

that Keeton did not send him a written debt collection notice containing the language

required by the Act.[8]  Hammond sent Keeton a written "Notice of Dispute of Alleged

---

[4] Complaint ¶ 4.

[5] *Id.* ¶¶ 2, 8-9.

[6] *Id.* ¶¶ 3, 5.  The Act defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 16 U.S.C. § 1692a(3).  A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  16 U.S.C. § 1692a(6).

[7] Complaint ¶ 10.

[8] Complaint ¶ 12.  In support of this allegation, Hammond cites 16 U.S.C. § 1692g, which provides, in pertinent part:

Notice of debt; contents

4

Debt" after he received his summons in the debt collection lawsuit,[9] but Keeton never responded to that notice, as allegedly required by the Act.[10]   Keeton also did not provide Hammond with the name and address of the original creditor, even though Hammond requested that information in writing.[11]   Keeton neither verified the validity of the alleged debt, nor ceased collection activity after receiving Hammond's "Notice

---

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

[9] Complaint ¶ 13.  *See also id.* at Exhibit A (Notice of Dispute of Alleged Debt).

[10] Complaint ¶ 14. *See* 15 U.S.C. § 1692g(a)(4).

[11] Complaint ¶ 15.  *See* 15 U.S.C. § 1692g(a)(5).

of Dispute of Alleged Debt."[12]  Instead, she proceeded with the debt collection action in Small Claims Court.[13]

Hammond asserts that Keeton's actions "breached the law and her lawful duty to [Hammond] by violating his federally protected consumer rights through noncompliance with [the Act's] debt collection practices."[14]  That breach of the law "proximately caused [Hammond] to suffer money loss, mental and emotional distress, embarrassment and humiliation."[15]

## B.    Other Facts Related to the Underlying Debt Collection Lawsuit

Hammond also alleges that Keeton "obtained a default judgment against [him] in small claims court without verifying the alleged debt,"[16] and that Keeton "was granted an additional $500.00 attorney fee upon her request to the trial court because [Hammond] raised the federal issue of FDCPA requirements for debt collector [Keeton.]"[17]  The documents submitted by Keeton in support of her motion to dismiss

---

[12] Complaint ¶¶ 16-17.  *See* 15 U.S.C. § 1692g(a)(4); 15 U.S.C. § 1692g(b) ("If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.").

[13] Complaint ¶ 18.

[14] *Id.* ¶ 26 (alterations supplied).

[15] *Id.* ¶ 27 (alteration supplied).  *See also id.* ¶¶ 21-22.

[16] *Id.* ¶ 19 (alteration supplied).

[17] *Id.* ¶ 20 (alterations supplied).

6

clarify those allegations.   A September 4, 2013 order of the Circuit Court of

Lauderdale County in the underlying debt collection lawsuit states:

> THIS CAUSE came before the Court for trial.  District Judge Carole Medley having recused herself[,] this cause was assigned to the undersigned Circuit Judge sitting specially as District Judge for Lauderdale County.
>
> On May 23, 2013 plaintiff filed a small claim action against defendant claiming defendant owed plaintiff one thousand thirty-eight dollars and ninety-five cents ($1,038.95) for services and/or goods rendered.  On June 11, 2013 defendant, acting pro se, filed an answer denying responsibility and filed a "Motion to Dismiss for Lack of Jurisdiction" and "Motion to Strike Sham Complaint" and a "Cross-Claim Complaint" making bizarre allegations against the attorney for the plaintiff.
>
> On July 17, 2013 this court denied defendant's Motion to Strike, denied defendant's Motion to Dismiss[,] and granted plaintiff's Motion to Dismiss Cross-Complaint.
>
> Thereafter the defendant filed a plethora of motions challenging the court's jurisdiction and procedures in a transparent attempt to defeat this simple collection process.  This court denied those spurious attempts and proceeded to trial.  Plaintiff called defendant as [its] first witness.  Mr. Hammond refused to testify and[,] when the court insisted [that defendant to respond to the questions of plaintiff's attorney] unless he asserted some constitutional privilege[,] *the defendant offered to allow the court to enter a default judgment against him*.  This offer was accepted by the plaintiff and the court.
>
> Ms. Keeton, attorney for plaintiff, requested a judgment for attorney fees in the amount of five hundred dollars ($500.00) in light of the defendant's antics.  That motion was granted.
>
> Default judgment, by consent of the defendant, is therefore

rendered in favor of the plaintiff and against the defendant in the amount of $1,538.95 for which execution may issue.[18]

Keeton also submitted a copy of the cross-claim Hammond filed against her on June 11, 2013 in the underlying, state-court collection case.[19]  In that cross-claim, Hammond asserted that Keeton was a debt collector under the Act,[20] that Keeton tried to collect an alleged debt from him by filing a complaint in the Small Claims Court for Lauderdale County,[21] and that Keeton did not provide him with any notice or opportunity to dispute the alleged debt before filing that complaint.[22]  Hammond also asserted that he sent Keeton a "Notice of Dispute of Alleged Debt" after receiving his summons in the underlying debt collection action, but that Keeton refused to withdraw the complaint against him in Small Claims Court, or to verify the alleged debt per the Notice of Dispute of Alleged Debt.[23]  Accordingly, Hammond asserted that Keeton "willfully violated <u>all</u> the federally mandated debt collection procedures set forth" in

---

[18] Doc. no. 9, Exhibit A (September 4, 2013 Order of the Circuit Court of Lauderdale County, Alabama in *RCHP-Florence, LLC d/b/a ECM Hospital v. Chad Hammond*, Case No. SM-13-900378), at 1-2 (alterations supplied).

[19] Doc. no. 9, at Exhibit B ("Cross-Claim/Complaint" filed on June 11, 2013, in *RCHP-Florence, LLC d/b/a ECM Hospital v. Chad Hammond*, Case No. SM-13-900378 in the "Small Claims Court of Lauderdale County, Alabama").  Setting aside any potential merit or non-merit of Hammond's claim against Keeton, those claims would have been more appropriately asserted as a third-party claim instead of a cross-claim, because Keeton was not previously a party to the action. That issue was never raised before the state court, however, and there is no need to address it here.

[20] *Id.* ¶ 2.

[21] *Id.* ¶ 5.

[22] *Id.* ¶ 6.

[23] *Id.* ¶¶ 8, 11.

the Act.[24]

Based upon those allegations, Hammond asserted two cross claims against Keeton.  In the first, Hammond asserted that Keeton had a duty to follow all applicable debt collection procedures set forth in the Act, but that she breached that duty by "skipping all mandated FDCPA collection procedures in regards to [Hammond's] alleged debt collection."[25]  Specifically, Keeton sued Hammond without giving him any prior notice or an opportunity to dispute the alleged debt, and she ignored Hammond's "Notice of Dispute of Alleged Debt."[26]  As a result of those actions, Hammond asserted that he "suffered loss of time from business and family, money damages and emotional stress,"[27] and he requested relief in the amount of $5,000, "together with such other and further relief as the Court may deem reasonable and just under the circumstances."[28]  The second cross-claim is virtually identical to the first.[29]

Keeton filed a motion to dismiss Hammond's cross-claims on June 12, 2013.[30] The motion stated, in its entirety:

---

[24] *Id.* ¶ 7 (emphasis in original).

[25] Cross-Claim/Complaint in Case No. Sm-13-900378, at ¶¶ 13-15 (alteration supplied).

[26] *Id.* ¶¶ 16-17.

[27] *Id.* ¶ 18.

[28] *Id.* ("WHEREFORE" clause).

[29] *Id.* ¶¶ 19-25.

[30] Doc. no. 17 (Reply to Court's Order), at Exhibit 1 (Motion to Dismiss Cross-Claim/Complaint).

**COMES NOW**, the Cross-claim Defendant, **JANICE KEETON**, and files this Motion to Dismiss Cross-Claim/Complaint. As grounds for said motion the Cross-claim Defendant states the following:

1.     That the Cross-claim Defendant is not a proper party.

2.     The Cross-claim Defendant is merely Attorney of Record for the Plaintiff, RCHP-Florence, LLC dba Shoals Hospital.

3.     That said claim exceeds the jurisdictional limits of the small claims court.

4.     That the Cross-claim Defendant requests that this Honorable Court dismiss the Cross-claim/Complaint, with prejudice, in that the Cross-claim Plaintiff fails to state a claim upon which relief can be granted pursuant to *Alabama Rules of Civil Procedure,* Rule 12(b)(6).

5.     In addition, the Cross-Claim/Complaint is due to be dismissed due to insufficiency of process and/or insufficiency of service of process in accordance with *Alabama Rules of Civil Procedure*, Rule 4.

**WHEREFORE**, the Cross-Claim Defendant, **JANICE KEETON**, respectfully requests that this Honorable Court dismiss the Cross-Claim/Complaint, with prejudice, for the above-referenced reasons.[31]

Lauderdale County Circuit Judge Michael T. Jones, sitting specially as a District Court Judge, entered an order on July 17, 2013, stating, in pertinent part: "Plaintiff's Motion to Dismiss Cross-Complaint is GRANTED."[32]

As previously discussed, a default judgment was entered in the underlying debt

---

[31] *Id.* at 1-2 (all emphasis in original).

[32] Doc. no. 17, Exhibit 2 (July 17, 2013 Order of the Circuit Court of Lauderdale County, Alabama, in Case No. SM-13-900378), at 1.

collection action in favor of RCHP-Florence, and against Hammond, on September 4, 2013.[33] Even though that judgment was entered with the consent of Hammond, he filed a "Notice of Appeal Taken Directly to Appellate Court" in the Small Claims Court of Lauderdale County, Alabama, on September 18, 2013.[34] He stated that the appeal was taken to address the following issues:

> 1. Whether or not the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 *et seq.* ("FDCPA") debt collection procedural mandates are applicable to Alabama debt collectors who meet the statutory definition;
>
> 2. Whether or not Alabama District Courts are subject to and must comply with the FDCPA statutory debt collection provisions.[35]

The Alabama Court of Civil Appeals entered an order on January 14, 2014, stating that Hammond's appeal was "[t]ransferred to the Circuit Court of Lauderdale County for lack of subject matter jurisdiction."[36] There is nothing further in this record to indicate what, if anything, next occurred in the state court proceedings.

### III. DISCUSSION

The motion to dismiss that Keeton filed in the present proceeding asserted three

---

[33] Doc. no. 17, at Exhibit 3 (September 4, 2013 Order of the Circuit Court of Lauderdale County, Alabama, in Case No. SM-13-900378).

[34] Doc. no. 17, at Exhibit 4.  *See* Ala. Code § 12-12-72 ("Appeals shall be directly to the appropriate appellate court if: (1) An adequate record or stipulation of facts is available and the right to a jury trial is waived by all parties entitled thereto; or (2) The parties stipulate that only questions of law are involved and the district court certifies the questions.").

[35] Doc. no. 17, Exhibit 4, at 1.

[36] Doc. no. 17, Exhibit 5 (January 14, 2014 Transfer Notice from the Alabama Court of Civil Appeals), at 1 (alteration supplied).

conclusory arguments to support the dismissal of Hammond's claims against her: *i.e.,* (1) that she is not a "debt collector" as defined by the Act;[37] (2) that Hammond "asked for a default judgment[ in the underlying, state-court proceedings,] thereby negating any claim he may have in this regard";[38] and (3) that Hammond's claims are barred by *res judicata*.[39]  After being ordered to file a brief more fully developing her arguments and supporting them with legal authority,[40] Keeton filed a three-page brief, though separate counsel, asserting only the *res judicata* argument.[41]  Accordingly, Keeton's other arguments will be deemed abandoned, and the court will focus solely on *res judicata*.

When a federal court is "'asked to give *res judicata* effect to a state court judgment, [it] must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation.'" *Kizzire v. Baptist Health System, Inc.,* 441 F.3d 1306, 1308 (11th Cir. 2006) (alteration supplied) (quoting *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1509 (11th Cir. 1985)).

---

[37] Doc. no. 9 ¶ 2.

[38] *Id.* ¶ 3 (alteration supplied).

[39] *Id.* ¶ 4.

[40] *See* doc. no. 10, at 3 n.7 ("Defendant's motion [to dismiss] contains one page of conclusory, underdeveloped assertions.  Those assertions must be more fully developed and supported by legal authority.") (alteration supplied).

[41] Doc. no. 13.  The brief actually contains only two pages of legal argument.  The other page is taken up by the heading, signature block, and certificate of service.

> Under Alabama law, "the essential elements of *res judicata* are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Equity Res. Mgmt., Inc. v. Vinson,* 723 So. 2d 634, 636 (Ala. 1998).  If all four elements are met, any claim that was, or could have been, adjudicated in the prior action is barred from future litigation.  *Id.*

*Kizzire,* 441 F.3d at 1308-09.  *See also Chapman Nursing Home, Inc. v. McDonald,* 985 So. 2d 914, 919 (Ala. 2007) (same).

Keeton asserts that Hammond's claims against her *in this case* are barred by the judgment entered by the state court on the cross-claim Hammond asserted against her in the underlying collection action.  Hammond does not dispute that the third and fourth elements of the *res judicata* analysis are satisfied.[42]  Indeed, Hammond's cross-claim in state court involved the same parties (Hammond and Keeton) and the same cause of action (violation of the FDCPA) as the instant case.  Therefore, the only remaining considerations are whether the state court's dismissal of Hammond's cross-claim was a judgment on the merits, and whether the state court had jurisdiction to enter that judgment.

With regard to the first element, Keeton specifically moved for the dismissal of Hammond's cross-claim *with prejudice*,[43] and the state court granted that motion.

---

[42] *See* doc. no. 14 (Plaintiff's Response to Defendant's Brief in Support of Motion to Dismiss) ¶ 4 (stating that "elements (1) and (2) fail," but not mentioning elements 3 and 4).

[43] Doc. no. 17, Exhibit 1, at 2.

Although the state court's order of dismissal did not specifically state whether the dismissal was with prejudice or without prejudice, there is no reason to reach any conclusion other than that the state court was granting Keeton's request for a dismissal with prejudice.  Further, Alabama Rule of Civil Procedure 41(b), addressing the effect of involuntary dismissals, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Under Alabama law, a dismissal with prejudice constitutes a decision on the merits. *See Hundley v. J.F. Spann Timber, Inc*., 962 So.2d 187, 192 (Ala. 2007).  Therefore, the first element of *res judicata* is satisfied.

With regard to the second element, Hammond argues that the state court lacked jurisdiction to adjudicate his cross-claim against Keeton because he requested relief in the amount of $5,000, and the Small Claims Courts within the State of Alabama cannot adjudicate claims in excess of $3,000.  The Alabama court system does not actually provide for a separate Small Claims Court.  Instead,

> [t]he district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed three thousand dollars ($3,000).  These actions shall be

14

placed on a small claims docket by each district court and shall be
processed according to uniform rules of simplified civil procedure as may
be promulgated by the Supreme Court.

Ala. Code § 12-12-31 (alteration supplied).  If a counterclaim or cross-claim for more
than $3,000 is filed in a case that has been placed on the "small claims docket," then
the case is transferred to the regular docket in the District Court, and the difference
between the "small claims docket" filing fee and the regular District Court filing fee
must be paid.  *See Opinion of the Clerk, Supreme Court of Alabama, No. 45*, 526 So.2d
584, 586 (Ala. 1988) ("[T]he difference between the small claims court filing fee and
the regular district court filing fee should be collected by the court clerk from the
defendant when a case is transferred from the small claims docket of the district court
to the regular district court docket because the defendant has filed a counterclaim in an
amount exceeding the jurisdictional limits of the small claims court.") (citing *Opinion
of the Clerk No. 35*, 397 So.2d 545 (Ala.1981)).[44]   There is no information in this

_____

[44] The relevant provisions of the Alabama filing fee structure are:

The filing fees which shall be collected in civil cases shall be:

(1) Thirty-five dollars ($35) for cases filed on the small claims docket of the
district court in which the matter in controversy, exclusive of interest, costs, and
attorney fees, totals one thousand five hundred dollars ($1,500) or less; provided,
however, if attorney fees have been allowed by applicable state law or contract, the
amount of these fees shall be added to the amount of the matter in controversy above
in determining the jurisdictional amount.

(2) One hundred nine dollars ($109) for cases filed on the small claims docket
of the district court in which the matter in controversy, exclusive of interest, costs,

record regarding whether the difference between the "small claims" docket fee and regular District Court filing fee was paid, but it does appear that the case was transferred to the District Court, and then reassigned to a Circuit Court Judge sitting by designation as the District Court Judge after the District Judge previously assigned to the case recused herself.[45]   There is no question that the District Court, or even the

---

and attorney fees, exceeds one thousand five hundred dollars ($1,500) but does not exceed three thousand dollars ($3,000); provided, however, if attorney fees have been allowed by applicable state law or contract, the amount of these fees shall be added to the amount of the matter in controversy above in determining the jurisdictional amount.

(3) One hundred ninety-eight dollars ($198) for cases otherwise filed in the district court in which the matter in controversy, exclusive of interest, costs, and attorney fees, exceeds three thousand dollars ($3,000) but does not exceed ten thousand dollars ($10,000); provided, however, if attorney fees have been allowed by applicable state law or contract, the amount of these fees shall be added to the amount of the matter in controversy above in determining the jurisdictional amount.

(4) Two hundred ninety-seven dollars ($297) for cases filed in the circuit court other than cases filed on the domestic relations docket of the circuit court. Notwithstanding any other provision of law, the docket fee shall be one hundred ninety-seven dollars ($197) for civil cases in circuit court in which the matter of controversy, exclusive of interest, costs, and attorney fees does not exceed fifty thousand dollars ($50,000); provided, however, if attorney fees have been allowed by applicable state law or contract, the amount of these fees shall be added to the amount of the matter in controversy above in determining the jurisdictional amount. However, if any plaintiff files an addendum to increase the damages requested to an amount that exceeds fifty thousand dollars ($50,000), or if the plaintiff fails to specify the amount in the filing, then the fee shall be two hundred ninety-seven dollars ($297) and distributed as provided for in subdivision (4) of Section 12-19-72.

Ala. Code § 12-19-71(a)(1)-(4).

[45] *See* doc. no. 17, Exhibit 2, at 1 (containing the prefatory language "**THIS CAUSE** came before the Court on pre-trial motions after recusal of the District Court judge and reassignment to this court sitting as the District Court") (emphasis supplied); doc. no. 17, Exhibit 3, at 1 ("containing the prefatory language "**THIS CAUSE** came before the court for trial.  District Judge Carole Medley having recused herself this cause was assigned to the undersigned Circuit Judge sitting

16

Circuit Court, would have jurisdiction over Hammond's cross-claim.  *See* Ala. Code § 12-12-30 ("The original civil jurisdiction of the district court of Alabama shall be uniform throughout the state, concurrent with the circuit court, except as otherwise provided, and shall include all civil actions in which the matter in controversy does not exceed ten thousand dollars ($10,000), exclusive of interest and costs . . . .").  Accordingly, the second element of the *res judicata* analysis is satisfied.

## IV. CONCLUSION AND ORDER

In accordance with the foregoing, Keeton's motion to dismiss is GRANTED.  Hammond's claims are barred by the doctrine of *res judicata*, and they are accordingly DISMISSED with prejudice.  Costs are taxed to plaintiff.  The Clerk is directed to close this file.

DONE and ORDERED this 17th day of April, 2014.

_____
United States District Judge

specially as District Judge for Lauderdale County") (emphasis supplied).